IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON SALEM DIVISION

IN RE:                                              )
                                                    )   CASE NO. 08-52031
ADDISON SMITH WEBSTER                               )
JESSICA MARIE WEBSTER                               )
    Debtor                                          )
_____)

**ORDER AND OPINION DENYING REAFFIRMATION AGREEMENT**

    This case came before the court on April 8, 2009, pursuant to Section 524 of the Bankruptcy Code, for consideration of a reaffirmation agreement between the above-referenced debtor (the "Debtor") and Harley Davidson Credit Corporation (the "Creditor") and to show cause as to why the reaffirmation agreement should not be stricken as a result of a failure to comply with Rule 4008(a) of the Federal Rules of Bankruptcy Procedure. Amy S. Davis appeared on behalf of the Debtor. The Debtor sought to reaffirm a debt in the amount of $6,966.81, which debt is secured by a 2004 H-D FXSTI, VIN:1HD1BVB114Y051241.

    The reaffirmation agreement was filed with the Court on March 16, 2009, and was therefore not filed with the Court within sixty (60) days after the first date set for the Section 341 meeting of creditors as required by Bankruptcy Rule 4009(a). The Debtor filed his bankruptcy petition on November 26, 2008, and on the same date filed his statement of intentions indicating that he intended to retain his 2004 Harley Davidson FXSTI and reaffirm his debt with the Creditor. On January 12, 2009, Debtor called counsel to ask what to do with the reaffirmation agreement that he received in the mail from Harley Davidson. Counsel advised Debtor to sign the reaffirmation agreement and mail it to Counsel for Counsel's signature. The reaffirmation agreement was received by

Counsel on January 26, 2009.  It was mailed to Harley Davidson on February 2, 2009 with a reminder to attach a copy of the certificate of title and security agreement.

Upon reviewing the agreement, the record in this case, and the arguments presented at the hearing, the Court finds that the Debtor properly filed his statement of intention indicating that he wanted to reaffirm the debt, as required by Section 524(c) , and further, the Debtor took all reasonable steps to perform his intention with respect to such property pursuant to Section 521(a)(2).

It is therefore ORDERED that the reaffirmation agreement between the Debtor and the Creditor, filed on March 16, 2009, is stricken and will not be approved by the Court as the reaffirmation agreement was filed with the Court beyond sixty (60) days, as required by Bankruptcy Rule 4008(a).  Further, since the Debtor timely complied with the requirements of Section 524(c) and 521(a)(2), and in all respects agreed to reaffirm the debt on the original terms of the contract, the Court finds that (1) the automatic stay remains in effect, (2) the vehicle remains property of the estate pursuant to Section 521(d) that would give it effect have not been met, so long as the Debtor remains current in his payments on the property.  See Coastal Federal Credit Union v. Hardiman , 398 B.R. 161, 189 (E.D.N.C. 2008); In re Husain, 364 B.R. 211, 219 (Bankr. E.D. Va. 2007); In re Hinson, 352 B.R. 48, 53 (Bankr. E.D.N.C. 2006).

## **PARTIES TO BE SERVED**

Addison Smith Webster

Jessica Marie Webster

Amy Harris

C. Edwin Allman

Michael D. West

Harley Davidson Credit Corp.